**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA**

MALCOLM FULLER, et al.,

Plaintiff,

vs.

SUNBEAM PRODUCTS, INC., *et al.,*

Defendant.

_____

Case No. 9:23-cv-81024-MD
("Main Case")

Applies to:
*Lacy Hall v. Sunbeam Products, Inc., et al.;*
*Ashley Boladeres v. Sunbeam Products, Inc. et al.;*
*Malcolm Fuller v. Sunbeam Products, Inc., et al.*

**DEFENDANTS' MOTION FOR CONTINUANCE OF TRIAL DATE**

Defendants, Sunbeam Products, Inc. and Newell Brands Inc., hereby move, pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure and Local Rule 7.6 of the Local Rules of the United States District Court for the Southern District of Florida, for a four (4) day continuance of the trial date set forth in the Court's Order Setting Trial [ECF. No. 87] and the Court's Text Entry resetting trial to May 26, 2026. Defendants respectfully submit that good cause exists for this requested continuance as set forth below and in the attached Declaration. In support thereof, Defendants state as follows:

1. On May 15, 2026, this Court ordered that Plaintiffs were to provide a reduced exhibit list and deposition designation comporting with pre-trial rulings by May 20, 2026. *See also* ECF No. 90.

2. On May 20, 2026, Plaintiffs produced their revised Second Amended Exhibit and Witness List and Amended Deposition Designations as required by the Court. See Exhibits A and B, attached.

4936-3711-8894

3. Plaintiffs' exhibit list spans 38 pages and identifies exhibits from P-1 through P-275 with many sub-exhibits. Plaintiffs have not included Defendants' prior objections on the revised exhibit list, requiring Defendants to cross reference both the prior exhibit list and the revised exhibit list. In addition, Plaintiffs have indicated that they intend to redact certain exhibits but have not provided copies of the redacted exhibits (or otherwise identified the redacted material) for Defendants to determine if the redactions satisfy the objections. A continuance is warranted so that Defendants can review Plaintiffs' modified exhibits, lodge any objections that still remain, and so that the Court can rule on any such objections in advance of trial, just as the Court did on May 15.

4. As for witnesses, the Second Amended Trial Exhibit and Witness List identifies 23 witnesses by name and six additional "categories" of witnesses. Despite the discussion during the pre-trial conference on May 15, 2026, Plaintiffs' witness list continues to include Cory Syler as a witness in the Boladares matter, despite the fact that he was not previously listed in Plaintiffs' Initial Disclosures or Answers to Interrogatories.

5. Moreover, for the very first time, Plaintiffs' witness list now lists Blayke Hall, the minor child whose injuries are at issue in the Hall matter. Blayke has never been identified as a witness in this case, and, in fact, during the March 15 pretrial conference, Plaintiff counsel and the Court discussed Blayke's presence in the courtroom, with the court suggesting that Plaintiff counsel simply introduce Blayke from counsel table, rather than calling her to the witness stand simply to be introduced to the jury. Notwithstanding that discussion, Blayke is now for the first time listed as a trial witness.

6. Similarly, Plaintiffs' witness list identifies Dr. Aponte as testifying remotely "(remote)", yet another departure from the discussion with the Court during the May 15 pretrial

conference wherein Plaintiffs specifically sought permission for Dr. Aponte to testify once as to all three plaintiffs in the damages phase, because he would be attending trial in person.

7. Finally, Plaintiffs' categorical disclosure of witnesses continues to be improper.

8. A continuance is warranted so that the Court can rule on any witness issues prior to the start of trial.

9. Finally, Plaintiffs' Amended Deposition Designations likewise present a host of issues that now interfere with Defendants' ability to prepare its defense of the case. Plaintiffs have designated from 12 depositions that total 1,568 pages of potential trial testimony. Presumably, the amended deposition designations comply with the Court's pretrial rulings to date but Defendants need to spend time reviewing the designated testimony to confirm same. Before Defendants can even do so, though, Defendants must first compare the amended deposition designations to prior designations (a redline comparison was not provided despite a meet-and-confer agreement that any amended designations would be provided with red-lined revisions) and must cross-reference with their prior objections (which were not included along with Plaintiffs' revised designations).

10. Immediately upon receipt of the amended deposition designations and Second Amended Exhibit and Witness List, defense counsel requested the redlined comparisons, particularly for the deposition designations. Plaintiff counsel advised it was too messy and hard to follow. Nonetheless, this afternoon, after defendants advised that they intended to file the instant motion, Plaintiff counsel immediately provided a comparison document for the deposition designations. While Defendants appreciate the comparison, that alone does not eliminate the work that Defendants still must need to do to reconcile the revised designations, modify their counter designations in light of any removed testimony, and assess whether their objections still remain. Defendants now must spend their time focused on that instead of their own trial preparations.

11.     As was the case in the Shirley Johnson trial, Plaintiffs revisions place an undue burden on Defendants in preparing for trial set in five days. Defendants need to review, compare, and assess the new deposition designations individually for assessment of changes, counter-designations and continued objections. This cannot be accomplished expeditiously along with other trial preparations and have the case proceed on May 26 in an orderly fashion.

12.     Moreover, the Court needs time to rule on any objections in advance of trial.

13.     In light of the foregoing, Defendants seek a trial continuance of four (4) days so that the work outlined herein can be completed, the Court can rule on any remaining objections, and the case can proceed to trial in an orderly fashion.

14.     The foregoing constitutes good cause for the brief continuance requested and Defendants' request is further supported by a Declaration of David O'Connell, attached as Exhibit C, in compliance with Local Rule 7.6.

WHEREFORE, for the foregoing reasons, Defendants request a brief four-day trial continuance.

## LOCAL RULE 7.1 CERTIFICATION

Prior to filing, defense counsel conferred with Plaintiff counsel to advise of the relief defendants intended to seek.  In response, Plaintiff counsel provided the comparison document mentioned and otherwise indicated there was not a need for a continuance as there were no issues to resolve.  Defendants interpret this response to mean that Plaintiffs oppose the relief requested herein.

Dated this 21st day of May, 2026.

Respectfully submitted,

/s/ Jennifer A. McLoone
Jennifer A. McLoone
Florida Bar No. 029234
SHOOK, HARDY & BACON L.L.P.
Citigroup Center, Suite 3200
201 South Biscayne Boulevard
Miami, Florida 33131
Tel: (305) 358-5171
Fax: (305) 358-7470
jmcloone@shb.com

-and-

Allison Jaeger, Esquire
Florida Bar No. 101104
David J. O'Connell *(admitted pro hac vice)*
Staci A. Williamson *(admitted pro hac vice)*
GOLDBERG SEGALLA, LLP
500 S. Australian Avenue, Suite 1000
West Palm Beach, FL 33401
Tel: 561-618-4547
ajaeger@goldbergsegalla.com
dharrison@goldbergsegalla.com
swilliamson@goldbergsegalla.com
doconnell@goldbergsegalla.com
ccarlson@goldbergsegalla.com

***Attorneys for Sunbeam Products, Inc.
and Newell Brands Inc.***