**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| MALCOLM FULLER, et al | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 9:23-cv-81024-MD |
| | ) | ("Main Case") |
| SUNBEAM PRODUCTS, INC., et al, | ) | |
| | ) | |
| Defendant. | ) | |

Applies to:
Lacey Hall v. Sunbeam Products, Inc. and Newell Brands, Inc.;
Ashley Boladares v. Sunbeam Products, Inc. and Newell Brands, Inc.; and
Malcolm Fuller v. Sunbeam Products, Inc. and Newell Brands, Inc.

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'**
**MOTION FOR CONTINUANCE OF TRIAL DATE**

Plaintiffs respectfully oppose Defendants' eleventh-hour Motion for Continuance. Defendants have not established good cause under Rule 16(b)(4), and their motion is based almost entirely on manufactured issues, mischaracterizations of Plaintiffs' filings, and complaints that could have been resolved through the meet-and-confer process the Court expressly directed the parties to undertake. The requested four-day continuance is unnecessary, prejudicial, impractical (as ten out-of-state-witnesses are already booked to travel to Florida for trial), and unsupported by the record. Defendants' latest attempt to avoid or delay trial should be rejected.

Defendants' arguments concerning Plaintiffs' Amended Exhibit and Witness List are meritless.

First, Plaintiffs did not add any new exhibits, and in fact greatly narrowed them. The Amended Exhibit List simply implements the Court's rulings and instructions from the pretrial proceedings by adding a column identifying exhibits that are for identification purposes only or otherwise will not be used, consistent with the Court's rulings. *See* ECF 91, Ex. A. Plaintiffs also

added additional descriptive information next to bates-numbered exhibits so that Defendants and the Court can more easily identify what the exhibits are. *Id*. Those revisions narrow issues and increase clarity; they do not create prejudice.

Defendants' suggestion that they are somehow unable to assess the exhibit list is particularly disingenuous given that the amendments make the list easier—not harder—to follow.

Likewise, Plaintiffs previously represented to the Court that Plaintiffs intended to introduce 29 prior similar incidents at trial, called down from larger documents. After further review, Plaintiffs reduced that number to 25 prior incidents. Plaintiffs then renumbered those incidents to call them out as Exhibits numbered 233-257 so they would appear together numerically in one section of the exhibit list rather than scattered throughout the document or within larger files (such as the CPSC file) to make it easier on the parties and the Court. Again, this was done to simplify review. Those exhibits were already identified for Defendants, and Plaintiffs are in the process of redacting personal information and will produce the redacted documents no later than May 22, 2026. And Plaintiffs do not anticipate using the incidents reports until the second or third day of trial, so there is more than sufficient time to address any objections Defendnats may have.

Defendants' witness-list complaints are equally baseless. Cory Syler was inadvertently left on the witness list, and Plaintiffs have already said they do not intend to call him. All other witnesses were disclosed in Rule 26 disclosures. Likewise, Dr. Aponte was inadvertently marked as a remote witness even though Plaintiffs already represented to the Court that all three expert witnesses, including Dr. Aponte, will testify live at trial. As to Blayke Hall, she was previously disclosed on Plaintiffs' witness list. *See* ECF No. 86. Regardless, as Plaintiffs already discussed with the Court, she will not testify but instead will simply be identified to the jury. We left her as a witness on the list for that reason only. If Defendants had simply met and conferred with Plaintiffs as the Court directed, these discrepancies could have easily been resolved without motion practice.

2

All other witnesses were previously disclosed and, again, all fact witnesses expected to testify were identified in Plaintiffs' Initial Rule 26 Disclosures.

Notably, Defendants claim that Plaintiffs' "categorical disclosure of witnesses continues to be improper," yet they never identify what disclosure is supposedly improper, what witness they contend should be excluded, or what issue actually requires Court intervention. That omission is telling. Defendants' vague and conclusory assertions do not establish good cause for continuing trial.

## II.     Plaintiffs' Amended Deposition Designations Do Not Support a Continuance

Defendants' arguments regarding Plaintiffs' amended deposition designations are equally unfounded.

Plaintiffs' amended deposition designations contain no new testimony whatsoever. Plaintiffs merely removed certain designations to comply with the Court's rulings on motions in limine and separately noted that certain previously identified testimony was now for punitive-damages purposes only (per the Court's rulings). *See* ECF No. 91, Ex. B. Defendants therefore have already reviewed every single designation Plaintiffs intend to use at trial (and already noted their objections to any such designations).

Indeed, Defendants acknowledge in their own motion that Plaintiffs already provided a red-lined comparison showing the exact changes made. The changes necessitated by the Court's rulings are minimal and entirely subtractive. Again, nothing was added. Plaintiffs have also provided a version of the Amended Deposition Designations that contain Defendants' previous objections and counter designations (even through the vast majority of those objections were based on Defendants' motions in limine which the Court has already addressed).

Defendants nevertheless claim they require additional time to "review," "compare," and "assess" designations they have already possessed for weeks (and have already reviewed and

accessed, and indeed moved on). Their argument lacks credibility. There is no new material to evaluate because Plaintiffs only removed testimony in accordance with the Court's rulings.

Defendants also argue that the Court needs additional time to resolve objections. But the Court has already ruled on the overwhelming majority of objections during the extensive pretrial proceedings. And indeed, much of the initial testimony was already admitted in the *Johnson* trial, To the extent Defendants have any limited remaining objections now, those issues can readily be addressed before the relevant testimony is presented. The testimony that would be played on the first and second day of trial was admitted previously in *Johnson*. There is no legitimate basis to delay the trial.

Again, Defendants' motion ignores that these purported disputes could have easily been resolved through the meet-and-confer process the Court expressly required. Plaintiffs provided Defendants with a redlined comparison of the amended deposition designations and requested that the parties meet and confer regarding any issues Defendants believed remained outstanding. *See* Exhibit A (May 21, 2026, email chain). Rather than participate in that process, Defendants chose to file the instant motion instead.

That conduct is improper. Defendants cannot refuse to meaningfully meet and confer and then attempt to manufacture "good cause" based on issues they made no genuine effort to resolve. The instant motion wastes both the parties' and the Court's time and resources.

### III.    It Is Neither Practical Nor Necessary to Continue the Trial

Defendants' requested four-day continuance is also highly impractical and entirely unnecessary.

This is a consolidated trial involving approximately ten fact and expert witnesses traveling from out of state. Flights, hotels, and witness schedules have already been coordinated, booked,

and paid for in reliance on the current trial setting. Moving the trial four days would create substantial logistical complications and significant unnecessary expense for Plaintiffs, their families, and third-party (and expert) witnesses alike. Additionally, Plaintiffs would be prejudiced because Dr. Aponte for example has limited availability because of his surgery and patient schedule, and likely would be unavailable if the trial is delayed a week as Defendants request.

Defendants ignore these very real burdens while seeking a continuance over issues that are either nonexistent or already resolved.

Moreover, as noted above, the continuance is unnecessary because the witnesses scheduled to testify during the first two days of trial already testified—either live or by deposition—during the *Johnson* trial, and the Court already addressed objections relating to that testimony. Thus, Defendants cannot plausibly claim they are unable to proceed with trial as scheduled.

At bottom, Defendants have failed to demonstrate diligence, prejudice, or good cause. Plaintiffs' amendments narrowed issues, complied with the Court's rulings, and increased clarity. Defendants' motion instead reflects a strategic attempt to delay trial based on immaterial and self-created complaints.

Accordingly, Plaintiffs respectfully request that the Court deny Defendants' Motion for Continuance.

## **CONCLUSION**

For the reasons described herein, Defendants' motion should be denied.

Date: May 21, 2026                           Respectfully submitted,

                                             Kelley | Uustal
                                             Counsel for Plaintiffs
                                             500 North Federal Highway, Suite 200
                                             Fort Lauderdale, Florida 33301
                                             Telephone: (954) 522-6601
                                             Email: jju@kulaw.com
                                             Email: bxr@kulaw.com

By: */s/ Bruno Renda*
Bruno Renda
FBN# 91971
John J. Uustal, Esq.
FBN# 73547

Eric T. Chaffin, Esq. phv
Steven D. Cohn, Esq. phv
Chaffin Luhana LLP
600 Third Avenue, 12th Floor
New York, NY 10016
(888) 480-1123
chaffin@chaffinluhana.com
*Counsel for Plaintiffs*

6

<u>**CERTIFICATE OF SERVICE**</u>

**WE HEREBY CERTIFY** that on May 21, 2026, I electronically filed the foregoing document under seal with the Clerk of Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

> Kelley | Uustal
> Counsel for Plaintiffs
> 500 North Federal Highway, Suite 200
> Fort Lauderdale, Florida 33301
> Telephone: (954) 522-6601
> Email: jju@kulaw.com
> Email: bxr@kulaw.com
>
> By: */s/ Bruno Renda*
> Bruno Renda
> FBN# 91971

7